Robert W. MOORE, Plaintiff,

v.

Les ASPIN, et al., Defendants.

Civil Action No. 93–1797.

United States District Court,
District of Columbia.

Feb. 22, 1996.

---

Robert W. Moore, Chandler, AZ, pro se.

Suzanne Claire Nyland, U.S. Attorney's Office, Washington, DC, for defendants.

## OPINION

SPORKIN, District Judge.

This matter comes before the Court on defendant United States Department of Defense's motion to dismiss the complaint as moot, or in the alternative, for summary judgment. Plaintiff Robert W. Moore, who appears before this Court *pro se*, opposes the Department of Defense's motion.

Plaintiff brings suit under the Freedom of Information Act, 5 U.S.C. § 552. Specifically, plaintiff seeks two distinct items of information from the Department of Defense: 1) the Stock Transfer Book of the Panama Railroad Company and 2) information relating to the transferability of stock to and from the United States Government. The Department of Defense contends, through the Declaration of Stewart Aly, Associate General Counsel for the Department of Defense, that it completed all required searches for the requested documents and that none of the searches yielded records responsive to plaintiff's FOIA request. The Department of Defense asks this Court to dismiss the case as moot, or in the alternative, to grant summary judgment.

## FACTUAL BACKGROUND

The following facts are undisputed. By a letter dated July 6, 1993 to then-Secretary of Defense Les Aspin, plaintiff made a Freedom of Information Act (FOIA) request. The FOIA request was for records relating to certain stock transactions occurring between 1895 and 1904 involving shares in the Panama Railroad Company, as well as information pertaining to who the stockholders were as of June 15, 1993. Plaintiff also requested information relating to the transferability of stock to and from the United States Government. The Department of Defense issued an interim response, dated July 16, 1993, explaining that there was a backlog of FOIA requests and informing plaintiff that processing his request would take an unspecified amount of time.

Plaintiff then appealed to the President of the United States, sending an appeal letter to the White House. In plaintiff's appeal, he claimed that Aspin was the President's subordinate and, therefore, the President's office was the appropriate place to file an FOIA appeal from a decision made by the Secretary of Defense. The plaintiff received no response from the President.

When plaintiff filed suit in October 1993, the Department of Defense had not completed plaintiff's FOIA request. In December 1993, the Department of Defense informed plaintiff that it had completed its search and found no records responsive to plaintiff's FOIA request. Accordingly, the Department of Defense filed a motion to dismiss, or in the alternative, for summary judgment. This Court found that the Department of Defense had fulfilled its obligations under FOIA by conducting a reasonable search for responsive documents, and the case was dismissed without prejudice. Plaintiff was given thirty days to request another search for the specified documents. The search was to be conducted at plaintiff's expense. Plaintiff agreed to pay and timely reinstated his FOIA request.

The Department of Defense completed the second search and again found no documents responsive to plaintiff's request. The Department of the Army, the Executive Agent for the Department of Defense in matters relating to the Panama Canal, also conducted an independent search for responsive records. Among the offices searched were the Department of the Army Headquarters at the United States Garrison in Panama, Headquarters at the United States Army Southern Command (including the office of the Staff Judge Advocate and the Command Historian) in Panama, the Secretary of the

Army, and the Assistant Secretary of the Army. Upon completing a second search and finding no documents responsive to plaintiff's FOIA request, defendant now moves to dismiss the case as moot, or in the alternative, for summary judgment.

## MOTION TO DISMISS AND SUMMARY JUDGMENT STANDARDS

In reviewing a motion to dismiss, a court must accept all well-pleaded allegations of the complaint as true and construe them in a light most favorable to the plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). A court may dismiss the complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. *Hishon v. King and Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232–33, 81 L.Ed.2d 59 (1984).

Summary judgment is available to the defendant in an FOIA case when the agency proves that it has fully discharged its obligations under the FOIA, after the underlying facts and the inferences to be drawn from them are construed in the light most favorable to the FOIA requester. *Miller v. United States Department of State,* 779 F.2d 1378, 1382 (8th Cir.1985), citing *Weisberg v. U.S. Department of Justice,* 705 F.2d 1344, 1350 (D.C.Cir.1983). The adequacy of the agency's search for requested documents is judged by a standard of reasonableness, i.e., the agency must show that it conducted a search reasonably calculated to uncover all relevant documents. *Id.* at 1383. The agency must show that it made a good faith effort to conduct a search for the requested records, using methods which reasonably can be expected to produce the information requested. *Oglesby v. Department of the Army,* 920 F.2d 57, 68 (D.C.Cir.1990). There is no requirement that an agency search every record system. *Id.*

## ANALYSIS AND DECISION

The issue in an FOIA case is not whether the agencies' searches uncovered responsive documents, but rather whether the searches were reasonable. *Fitzgibbon v. U.S. Secret Service,* 747 F.Supp. 51, 54 (D.D.C.1990) citing *Meeropol v. Meese,* 790 F.2d 942, 952–53 (D.C.Cir.1986). The Declaration of Stewart F. Aly, Associate Deputy General Counsel for the Department of Defense, indicates that the Department of Defense searched offices at the Department of Defense's Office of General Counsel and found no responsive documents. The declaration also states that the Department of the Army, the Executive Agent for the Department of Defense in matters relating to the Panama Canal, conducted an independent search for responsive records in the Office of the General Counsel of the Army, the Office of the Staff Judge Advocate, Headquarters at the United States Army Southern Command in Panama, and the Mobile District Office of the Army Corps of Engineers. The search did not uncover any responsive documents.

Plaintiff proffered nothing to indicate that the Department of Defense's searches were unreasonable. Indeed, plaintiff appears to concede that the Department of Defense has made a reasonable search. In plaintiff's proposed findings of fact, he states that the "Panama Railroad Company share certificates and stock book were not produced, because they have not been found, although widespread and sincere search has been made."

Based on the Aly Declaration and the plaintiff's acknowledgment of a widespread and sincere search, the Court finds that the defendant has conducted a diligent search for the documents requested and has fulfilled its obligations under FOIA to conduct a reasonable search. The standard of reasonableness which we apply to agency search procedures does not require a detailed examination of every document maintained by the agency. *See Oglesby,* 920 F.2d at 68. The standard only requires a search that is reasonably calculated to uncover the requested material. *Id.* The scope of the search appears to have been reasonably calculated to reveal the items plaintiff sought.

Once the agency has shown that its search was reasonable, the burden is on the requester to rebut that evidence by a showing that the search was not conducted in good faith. *Miller,* 779 F.2d at 1383. This

can be done either by contradicting the defendant's account of the search procedure or by raising evidence of the defendant's bad faith. *Id.* at 1384. Here, plaintiff does neither. Instead, plaintiff admits the Department of Defense has made a "sincere" search. Even if Plaintiff did not concede that the defendant acted in good faith, the good faith of the agency's search is not materially disputed on the record. There is nothing in the record that contravenes the supported declarations of the Department of Defense establishing that the Department of Defense conducted a good faith, adequate search for agency records responsive to plaintiff's FOIA request and found nothing.

Plaintiff requested that the Department of Defense conduct a search of the Office(s) of the President of the United States, the public and private records of William Howard Taft, as well as other offices and agencies. As this Court indicated in its previous Order, and now reiterates, the Department of Defense is not required to respond to an FOIA request directed at other agencies.

■ Plaintiff also claims the President of the United States should have searched records under the possession and control of the President. However, the President never received a proper FOIA request. Plaintiff sent his initial FOIA request to the Secretary of Defense, although he later appealed the response to the President. This is inappropriate since an appeal must be made to the head of the agency to which the original request was sent. *See* 5 U.S.C. § 552(a)(6)(A)(i).

■ Sending an appeal to a different agency does not initiate a proper FOIA request for that agency to conduct a search. For an FOIA request to be processed, it must be directed to the appropriate office within an agency. If plaintiff wishes the Executive Office of the President to conduct an FOIA search for responsive documents, plaintiff must properly submit an FOIA request to that agency.[1]

■ Plaintiff opposes dismissal in this case because he claims the criminal as well as political implications of the materials he seeks pursuant to the FOIA are too great. There is nothing in the FOIA, however, that requires a court to evaluate the importance of requested information. The only issue before this Court is whether or not the search was reasonable.

■ Plaintiff claims that defendants' counsel have a conflict of interest in this case because of an association between Department of Defense attorneys and Attorneys General Russell and Day.[2] Plaintiff claims that Attorneys General Russell and Day are defense counsels' "predecessors in office" since defense counsel are "receiving their pay [in] one form or another [as] Attorneys General." Plaintiff argues there is an inherent conflict of interest because it was Attorneys General Russell and Day who allegedly received in 1904 the stock which is the subject of plaintiff's FOIA request. The Court fails to see the conflict between the defendants' counsel here, and two Attorneys General from 1904.

■ Plaintiff also contends that the Judge in this case should recuse himself due to a conflict of interest. Plaintiff claims that because the Judge was once employed by two separate government agencies, the Judge "never ceases to represent the government" and should recuse himself in this case. Merely because this judicial officer once worked, over ten years ago, for the Executive Branch of the government does not mean he is precluded from deciding cases under the Freedom of Information Act. Although this Court would not be adverse to higher authority accepting plaintiff's argument and excusing this Court from hearing and deciding cases brought under the FOIA, that event has not yet occurred.

---

1. The term "agency" within the meaning of 5 U.S.C. § 552 does not include the White House. It does, however, include the Executive Office of the President. *Nixon v. Sampson*, 389 F.Supp. 107 (D.D.C.1975), *stay granted* 513 F.2d 430 (D.C.Cir.1975).

2. Special Assistant Attorney General Charles W. Russell and Assistant to the Attorney General William Alonzo Day were allegedly sent to France in May of 1904 by the Justice Department to receive shares of the Panama Railroad Company.

The Court finds the defendants conducted a search that was reasonably calculated to uncover relevant documents, and the search was made in good faith. Defendant's motion for summary judgment will be granted.