Notice: This opinion is subject to formal revision before publication in the Federal Reporter or U.S.App.D.C. Reports. Users are requested to notify the Clerk of any formal errors in order that corrections may be made before the bound volumes go to press.

# United States Court of Appeals

FOR THE DISTRICT OF COLUMBIA CIRCUIT

Argued October 10, 2003   Decided December 2, 2003

No. 02-5278

TAX ANALYSTS,
APPELLANT

v.

INTERNAL REVENUE SERVICE,
APPELLEE

Appeal from the United States District Court
for the District of Columbia
(No. 00cv02914)

*William A. Dobrovir* argued the cause for appellant. With him on the briefs was *Cornish F. Hitchcock*.

*Jonathan S. Cohen*, Attorney, U.S. Department of Justice, argued the cause for appellee. With him on the brief were *Roscoe C. Howard Jr.*, U.S. Attorney, and *Teresa T. Milton*, Attorney, U.S. Department of Justice. *R. Craig Lawrence*, Assistant U.S. Attorney, entered an appearance.

---

Bills of costs must be filed within 14 days after entry of judgment. The court looks with disfavor upon motions to file bills of costs out of time.

Before:  HENDERSON, TATEL, and ROBERTS, *Circuit Judges*.

Opinion for the Court filed by *Circuit Judge* TATEL.

TATEL, *Circuit Judge*: Acting pursuant to Treasury Department regulations, the Internal Revenue Service refused to disclose certain written determinations denying or revoking tax exemptions.  The district court found the IRS's refusal lawful.  Because we conclude that the regulations violate the unambiguous language of the Internal Revenue Code, we reverse.

**I.**

Appellant Tax Analysts, a non-profit organization that publishes news and commentary on tax issues, sought disclosure of IRS determinations denying or revoking the tax-exempt status of various organizations.  To understand the basis for this request—Internal Revenue Code section 6110—and the IRS's reasons for denying it, we think it helpful to provide some background on the statutory scheme governing disclosure of tax information.

Congress enacted the Tax Reform Act of 1976, Pub. L. No. 94–455, 90 Stat. 1520 (1976), in response to concerns about possible government misuse of tax information.  *See* S. REP. NO. 94–938, pt. 1, at 317 (1976), *reprinted in* 1976 U.S.C.C.A.N. 2897, 3746–47 (noting that questions had been raised with respect to "disclosure of tax information to the White House" and "whether tax returns and tax information should be used for any purposes other than tax administration").  As amended by that Act and subsequent legislation, the Internal Revenue Code protects the confidentiality of tax returns and return information, such as taxpayers' source of income, net worth, and tax liability.  At the same time, the Code requires the IRS to disclose certain information.  Two Code provisions governing disclosure of tax-related information are relevant here:  sections 6104 and 6110.  *See* 26 U.S.C. §§ 6104, 6110 (2000 & Supp. III 2003).

Section 6110 applies to written determinations, i.e., IRS responses to taxpayer inquiries regarding how tax laws apply

to particular facts. *See id.* § 6110(b)(1)(A) (defining "written determination" as a "ruling, determination letter, technical advice memorandum, or Chief Counsel advice"). Section 6110 provides: "Except as otherwise provided in this section, the text of any written determination and any background file document relating to such written determination shall be open to public inspection at such place as the Secretary may by regulations prescribe." *Id.* § 6110(a). In order to balance the competing values of public disclosure and taxpayer privacy, however, section 6110 requires that before making a written determination available for public inspection, the IRS must delete certain identifying information, i.e., "the names, addresses, and other identifying details of the person to whom the written determination pertains...." *Id.* § 6110(c)(1).

Although section 6110 governs most written determinations, it does not apply to all. Section 6110(*l*)(1)—one of the two provisions at issue in this case—provides that section 6110's disclosure rule "shall not apply to ... any matter to which section 6104 ... applies." *Id.* § 6110(*l*)(1). Section 6104 makes available for public inspection tax information relating to specified entities. One of section 6104's subsections, 6104(a)(1)(A)—the other provision at issue in this case—requires the IRS to disclose documents relating to tax-exempt organizations, including applications for exempt status, supporting materials, and IRS determinations granting those exemptions. *Id.* § 6104(a)(1)(A). Specifically, subsection 6104(a)(1)(A) states:

> If an organization ... is exempt from taxation ... for any taxable year ..., the application filed by the organization with respect to which the Secretary [of the Treasury] made his determination that such organization was entitled to exemption ... or notice of status filed by the organization ..., together with any papers submitted in support of such application or notice, and any letter or other document issued by the Internal Revenue Service with respect to

such application or notice shall be open to public inspection. . . .

*Id.* Unlike section 6110, section 6104 contains no provision for redacting identifying information; therefore, the IRS must fully disclose determinations granting tax-exempt status.

Two Treasury regulations add another layer to this statutory scheme. Unlike the Code's general mandate requiring disclosure of written determinations in redacted form, *see id.* § 6110(a), and its more specific requirement that the IRS disclose determinations *granting* tax-exempt status in unredacted form, *see id.* § 6104(a)(1)(A), the regulations provide that the IRS will not disclose determinations *denying* or *revoking* tax-exempt status in any form. The first regulation, Treas. Reg. § 301.6110–1(a), provides that section 6104 applies not only to determinations granting tax-exempt status, but also to denials and revocations:

> Matters within the ambit of section 6104 include: Any application filed with the Internal Revenue Service with respect to the qualification or exempt status of an organization . . . [and] any document issued by the Internal Revenue Service in which the qualification or exempt status of an organization . . . is granted, denied or revoked. . . .

*Id.* § 301.6110–1(a) (1977). The second regulation, Treas. Reg. § 301.6104(a)–1(i), provides that the IRS will not disclose such denials and revocations at all:

> Some determination letters and other documents relating to tax exempt organizations that are not open to public inspection under section 6104(a)(1)(A) and this section are nevertheless within the ambit of section 6104 for purposes of section 6110. These determination letters and other documents are therefore not available for public inspection under either section 6104 or section 6110. They include but are not limited to—
>
> (1) Unfavorable rulings or determination letters . . . issued in response to applications for tax exemption,
>
> (2) Rulings or determination letters revoking or modifying a favorable determination letter . . . ,

> (3) Technical advice memoranda . . . relating to a disapproved application for tax exemption or the revocation or modification of a favorable determination letter. . . .

*Id.* § 301.6104(a)–1(i) (1982).

On the basis of these two regulations, the IRS denied Tax Analysts's request. After exhausting its administrative remedies, Tax Analysts filed suit in the U.S. District Court for the District of Columbia, arguing that the regulations conflict with IRC section 6110's plain language. The IRS responded that section 6110 is ambiguous and that the Treasury regulations reflect a reasonable interpretation of it. The district court granted summary judgment to the IRS, sustaining the agency's refusal to disclose the requested information. *See Tax Analysts v. IRS*, 215 F. Supp. 2d 192, 194 (D.D.C. 2002).

Tax Analysts now appeals. Our review is *de novo*. *Nat'l Mining Ass'n v. Fowler*, 324 F.3d 752, 756 (D.C. Cir. 2003).

## II.

Because Tax Analysts claims that the Treasury regulations violate the Internal Revenue Code, we proceed in accordance with *Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984). We first ask, as always, "whether Congress has directly spoken to the precise question at issue." *Id.* at 842. If it has, both we and the IRS "must give effect to the unambiguously expressed intent of Congress." *Id.* at 842–43. We evaluate the statute's clarity without deference to the agency's interpretation. *See SBC Communications Inc. v. FCC*, 138 F.3d 410, 418–19 (D.C. Cir. 1998). Only if we find the statute either silent or ambiguous with respect to the question at issue do we proceed to *Chevron*'s second step, asking whether the agency's interpretation is "based on a permissible construction of the statute." *Chevron*, 467 U.S. at 842–43.

At the outset, we note that the IRS does not argue that documents denying or revoking tax-exempt status are not "written determinations" within the meaning of section 6110.

Instead, it argues that such determinations fall within the exception to section 6110's disclosure provisions. According to the IRS, section 6110(*l* )(1)'s phrase "matter to which section 6104 . . . applies" is ambiguous and can be understood to include *any* document pertaining to an organization's qualification for tax-exempt status. In other words, section 6110(*l* )(1) can be read to mean that section 6104 "applies" not only to determinations granting tax-exempt status, as provided for in that section, but also to determinations *denying* or *revoking* tax-exempt status. Thus, the IRS argues, its inclusion of denials and revocations "within the ambit" of section 6104 represents a reasonable interpretation of section 6110—an interpretation to which we owe *Chevron* deference.

Tax Analysts has a very different view of the statute. Seeing nothing ambiguous in section 6110, Tax Analysts argues that the phrase "matter to which section 6104 . . . applies" can cover nothing more than what section 6104 expressly covers, i.e., documents relating to *exempt* organizations. According to Tax Analysts, therefore, determinations denying or revoking tax-exempt status fall under section 6110 and must be disclosed in redacted form.

To resolve this debate, we use the "traditional tools of statutory interpretation—text, structure, purpose, and legislative history." *Pharm. Research & Mfrs. of Am. v. Thompson*, 251 F.3d 219, 224 (D.C. Cir. 2001). Beginning with text, we discern no ambiguity. Section 6110 is straightforward: it requires the redacted disclosure of written determinations but exempts "any matter to which section 6104 . . . applies." 26 U.S.C. § 6110(*l* )(1). Subsection 6104(a)(1)(A), in turn, covers only tax-exempt organizations. It begins by expressly limiting its scope to exempt organizations—"[i]f an organization . . . is exempt from taxation"—and then requires full disclosure of determinations granting tax-exempt status. *Id.* § 6104(a)(1)(A). Subsection 6104(a)(1)(A) says nothing about documents relating to non-exempt organizations. *See id.*

Undaunted, the IRS insists that Congress intended section 6104 to govern determinations denying or revoking tax-

exempt status. According to the IRS, because subsection 6104(a)(1)(A) requires disclosure of determinations granting tax exemptions and says nothing with respect to denials and revocations, one can conclude through "negative implication" that Congress did not intend disclosure of denials or revocations. We disagree.

Subsection 6104(a)(1)(B), the provision immediately following subsection 6104(a)(1)(A), demonstrates that Congress knew exactly how to refer to denials and revocations when it so intended. That subsection addresses disclosure of applications and written determinations regarding tax exemptions for certain pension, retirement, profit-sharing, or stock bonus plans. *See id.* § 6104(a)(1)(B). It requires that the IRS make available for public inspection "any application" filed for tax-exempt status, *id.* § 6104(a)(1)(B)(ii), "any papers" submitted in support of that application, *id.* § 6104(a)(1)(B)(iii), and "any document" issued by the IRS addressing the exemption, *id.* § 6104(a)(1)(B)(iv). Unlike subsection 6104(a)(1)(A), which by its terms covers only determinations regarding "exempt organizations," subsection 6104(a)(1)(B) requires the IRS to disclose all tax exemption determinations—whether they grant, deny, or revoke the exemption. We thus see no way to view Congress's express focus on tax-exempt organizations in subsection 6104(a)(1)(A) as evidence of congressional intent to include documents relating to non-exempt organizations as well. Any other conclusion would be anomalous, for it would mean that Congress wanted the term "matter" to extend to documents not mentioned in subsection 6104(a)(1)(A) but expressly included in subsection 6104(a)(1)(B), the immediately following provision. *See Fed. Election Comm'n v. Nat'l Rifle Ass'n of Am.*, 254 F.3d 173, 194 (D.C. Cir. 2001) ("[W]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." (alteration in original) (quoting *Russello v. United States*, 464 U.S. 16, 23 (1983)) (internal quotation marks omitted)).

Given the clarity of the statute's language and structure, we have no need to resort to legislative history. *See AT&T Corp. v. FCC*, 317 F.3d 227, 235 (D.C. Cir. 2003) (noting that the court does not "resort to legislative history to cloud a statutory text that is clear" (quoting *Ratzlaf v. United States*, 510 U.S. 135, 147–48 (1994))). This is particularly true since the only legislative history the IRS cites post-dates passage of the Tax Reform Act. *See Consumer Prod. Safety Comm'n v. GTE Sylvania, Inc.*, 447 U.S. 102, 118 n.13 (1980) ("[E]ven when it would otherwise be useful, subsequent legislative history will rarely override a reasonable interpretation of a statute that can be gleaned from its language and legislative history prior to its enactment."); *N. Broward Hosp. Dist. v. Shalala*, 172 F.3d 90, 98 (D.C. Cir. 1999) (citing cases in which the Supreme Court has observed that subsequent legislative history is "an unreliable guide to legislative intent").

As mentioned above, Congress passed the Tax Reform Act to protect taxpayer privacy while requiring the IRS to disclose written determinations. Our holding advances that purpose: the IRS must disclose determinations denying or revoking tax exemptions, but do so in redacted form, thus protecting the privacy of the organizations involved. The Treasury regulations, in contrast, keep denials and revocations completely secret, preventing the very monitoring of the IRS that the Tax Reform Act was designed to facilitate. *See* S. REP. NO. 94–938, pt. 1, at 305–06, *reprinted in* 1976 U.S.C.C.A.N. 2897, 3735 (explaining that the Tax Reform Act of 1976 would require the IRS to disclose written determinations because "the secrecy" surrounding those documents, in particular IRS rulings, had "generated suspicion that the tax laws [were] not being applied on an even-handed basis" and because disclosure would "tend to increase the public's confidence that the tax system operates fairly").

For the foregoing reasons, we hold that the portions of Treasury regulations sections 301.6110–1(a) and 301.6104(a)–1(i) that include denials and revocations "within the ambit of section 6104" and prevent their disclosure violate section

6110's plain language. The judgment of the district court is reversed.

*So ordered.*